IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

PRESTON ROBERSON                                                                 PETITIONER

VS.                              CASE NO. 5:13CV00146 DPM/HDY

RAY HOBBS, Director,
Arkansas Department of Correction (ADC)                           RESPONDENT

PROPOSED FINDINGS AND RECOMMENDATIONS

INSTRUCTIONS

The following recommended disposition has been sent to United States District Court Judge D. P. Marshall Jr. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1. Why the record made before the Magistrate Judge is inadequate.

2. Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3. The detail of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at

the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

## DISPOSITION

Preston Roberson seeks habeas corpus relief pursuant to 28 U.S.C. §2254. Mr. Roberson is in the custody of the Arkansas Department of Corrections (ADC) as a result of pleading guilty to theft of property and breaking and entering. The pleas were entered in Howard County, Arkansas Circuit Court on January 18, 2012. Mr. Roberson was sentenced to forty-eight months' imprisonment. Having entered guilty pleas, a direct appeal of the convictions was not available. Mr. Roberson did not seek Rule 37 relief. He did, however, seek state habeas corpus relief, filing a petition on June 22, 2012. The circuit court denied relief on July 6, 2012. Mr. Roberson sought and was denied a rehearing on the matter. He then filed a timely notice of appeal. Subsequently, the Arkansas Supreme Court declined to lodge the record, noting it was incomplete. Mr. Roberson was instructed to resubmit the record, which he did. He was to file his brief by December 26, 2012, but did not do so. He then sought permission to file a belated brief. On February 21, 2013, the Arkansas Supreme Court dismissed the appeal, finding that he could not prevail on his claims. Mr. Roberson filed this action on May 13, 2013, alleging four claims for relief. The first claim is plainly stated, while the remaining three leave some room for interpretation:

1. The Howard County court lacked jurisdiction to convict him because he was arrested in another county;

2. A police officer making an arrest outside his jurisdiction in fresh pursuit and without a warrant must notify the law enforcement agency having jurisdiction as soon as

>    practicable after the arrest;

3. The Court failed to properly consider the evidence denying him a fair hearing or ruling;

4. The state habeas corpus statute provides relief for one who is detained without lawful authority.

In addition to the initial habeas corpus petition, Mr. Roberson filed a second petition in this case (docket entry no. 6) in which he reiterates that the Howard County court was without jurisdiction to accept his guilty plea and sentence him, and that the state courts erred in denying his state habeas corpus petition. Liberally construing the pleadings, we find that the claims raised in the second petition are essentially the same claims originally advanced by Mr. Roberson. The heart of his petition lies with his claim regarding the jurisdiction of the Howard County court.

The respondent contends the petition is time-barred and that the claims are procedurally barred. Mr. Roberson has filed a response to these contentions.

**Statute of Limitations:** Section 101 of 28 U.S.C. 2244 (as amended) imposes a one year period of limitation on petitions for writ of habeas corpus:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
>
>    (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
>    (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
>    (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>    (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending

shall not be counted toward any period of limitation under this subsection.

Respondent contends that the limitations period began on January 27, 2012, the date Mr. Roberson's Judgment and Commitment Order was entered pursuant to his guilty plea. The respondent urges that the limitations period ran for 147 days, until June 22, 2012, when the petitioner filed his state habeas corpus petition in Lee County. The Lee County Court denied relief on July 6, 2012. As detailed herein, the petitioner sought rehearing and then timely filed a notice of appeal on August 15, 2012. Thereafter, there was activity and motions filed relating to the lodging of the record and a belated brief. Ultimately, the Arkansas Supreme Court dismissed the appeal on February 21, 2013. The respondent contends the limitation period should have re-started on August 7, 2012, when the petitioner's state habeas corpus petition was denied. The respondent acknowledges that a timely notice of appeal in the state habeas corpus action was filed. Using the respondent's calculations, 279 days would run from August 7, 2012, until the filing of the petition on May 13, 2013. Adding the 279 days to the 147 which expired prior to the filing of the state habeas petition results in a total of 426 days. However, it is not clear that these calculations are beyond dispute. First, the petitioner's federal habeas petition was dated and notarized on May 1, 2013, and this date should be used rather than the May 13, 2013, filing date. In addition, the timely notice of appeal of the state habeas petition operated to continue the tolling period. The respondent states that the petitioner timely lodged the record on November 13, 2012, but failed to meet the December 26, 2012, briefing deadline. It is at least arguable that the tolling of the limitations period would have continued until December 26, 2012, resulting in 127 days passing between December 26, 2012, and May 1, 2013. Adding these 127 days to the 147 which expired prior to the filing of the state habeas corpus petition results in a total of 274 days, well within the one year period.

In this instance, we need not decide the precise date on which the limitations period was tolled. Instead, out of an abundance of caution, we will bypass the limitations argument in this case and address the other issues in the case.

**Procedural default:** The respondent also contends that all claims are not properly before

this Court due to the petitioner's failure to adequately raise the claims in state court, as required by *Wainwright v. Sykes*, 433 U.S. 72 (1977), and its progeny. In particular, the respondent contends that the petitioner failed to raise his claims in the appeal of his state habeas corpus petition to the Arkansas Supreme Court.

In *Wainwright v. Sykes, supra*, the United States Supreme Court held that a federal court should not reach the merits of a litigant's habeas corpus allegation if he has procedurally defaulted in raising that claim in state court: that is, if he was aware of the ground, but failed to pursue it to a final determination. The exception created by the Supreme Court permits such an allegation to be addressed if the litigant can establish "cause" for his failure to assert the known ground and "prejudice" resulting from that failure. *See, also, Clark v. Wood*, 823 F.2d l24l, l250-5l (8th Cir. l987); *Messimer v. Lockhart*, 822 F.2d 43, 45 (8th Cir. l987). The *Wainwright v. Sykes* cause and prejudice test was clarified by two subsequent Supreme Court decisions, *Smith v. Murray*, 477 U.S. 527 (l986), and *Murray v. Carrier*, 477 U.S. 478 (l986).

With respect to cause, these cases explain that the Court has "declined in the past to essay a comprehensive catalog of the circumstances that [will] justify a finding of cause." *Smith v. Murray*, 477 U.S. 533-34. However, one can discern from these cases several circumstances in which cause might be found: first, where some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rules, *see Murray v. Carrier*, 477 U.S. at 488; second, where a constitutional claim is so novel that its legal basis is not reasonably available to counsel, *see Reed v. Ross*, 468 U.S. 1 (l984); or third, if the litigant failed to receive the effective assistance of counsel. *See Murray v. Carrier*, 477 U.S. at 488. In addition, there is one extraordinary circumstance where a federal habeas court may grant relief without a showing of cause: where a constitutional violation has probably resulted in the conviction of one who is actually innocent. *Id.* at 496.

In his reply (docket entry no. 13), Mr. Roberson disagrees with the respondent's contention regarding procedural default. However, Mr. Roberson advances no facts which rebut the statement

that his claims were not adequately presented in state court. The Arkansas Supreme Court dismissed the appeal of Mr. Roberson, finding "it is clear from the record that appellant could not prevail on appeal." Docket entry no. 2, page 11. The Arkansas Supreme Court explained that two claims of the petitioner's – his challenge to the validity of the arrest warrant and his claim that the prosecuting attorney must receive judicial approval prior to charging a defendant – were not cognizable in an Arkansas habeas corpus action. Therefore, it was not possible to succeed on appeal of these claims. With respect to the allegation of a lack of jurisdiction, the Arkansas Supreme Court noted that "an allegation that an offense occurred outside the territorial jurisdiction of the court is cognizable in a habeas proceeding. Appellant, however, did not contend that the offenses to which he entered a plea of guilty occurred outside the jurisdiction of the court. He argued only that the arrest was made outside the court's jurisdiction. Arkansas Code Annotated section 16-88-105(b) provides that local jurisdiction of circuit courts shall be of offenses *committed* within the respective counties in which they are held." (Citations omitted, emphasis in original). Thus, the Arkansas Supreme Court considered the argument of lack of jurisdiction, finding it without merit, and found no other issues were presented.

As a result, we conclude that all of Mr. Roberson's claims, save the contention of a lack of trial court jurisdiction, were not adequately presented in state court. The petitioner does not offer, nor does the record suggest, an explanation for this failure. We find that all of these claims are procedurally barred and we recommend that they be dismissed on that basis.

**Lack of Jurisdiction:** Despite questions concerning the propriety of the record and briefs, the Arkansas Supreme Court addressed the issue of lack of jurisdiction. When the state court has ruled on the merits of a petitioner's claims, a writ of habeas corpus may not be granted unless the state court's decision "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court" or the state court's decision "was based on an unreasonable determination of the facts in light of the evidence presented in the State court." 28 U.S.C. § 2254(d)(1), (2). The United States Supreme Court offers guidance in

interpreting the statute:

> A state court decision will be "contrary to" our clearly established precedent if the state court either "applies a rule that contradicts the governing law set forth in our cases," or "confronts a set of facts that are materially indistinguishable from a decision of this Court and nevertheless arrives at a result different from our precedent." A state court decision will be an "unreasonable application of" our clearly established precedent if it "correctly identifies the governing legal rule but applies it unreasonably to the facts of a particular prisoner's case."
> . . . Distinguishing between an unreasonable and an incorrect application of federal law, we clarified that even if the federal habeas court concludes that the state court decision applied clearly established federal law incorrectly, relief is appropriate only if that application is also objectively unreasonable.

*Penry v. Johnson*, 532 U.S. 782, 792-93 (citations omitted).

Here, the petitioner does not establish that the state court ruling was contrary to an unreasonable application of federal law or that the ruling was based upon an unreasonable determination of the facts[1]. Typically, a petitioner challenging a state court ruling must show that he was deprived due process, and this requires proving that the ruling was erroneous and "gross, conspicuously prejudicial, or otherwise of such magnitude that it fatally infected the trial. . ." *Maggitt v. Wyrick*, 533 F.2d 383 (8th Cir. l976) (citations omitted). See also *Kennedy v. Kemma*, 666 F.3d 472, 481 (8th Cir. 2012). When the state court correctly rules,[2] there is no due process violation. The petitioner fails to show the state court erred in any fashion when it found the trial court had jurisdiction to hear a criminal case involving an offense committed within the county where the court is located. Therefore, we find no due process denial occurred in this instance, and recommend this claim be dismissed on its merits.

In summary, we recommend the petition for writ of habeas corpus be dismissed and the relief requested be denied, for the reasons stated herein.

Pursuant to 28 U.S.C. § 2253 and Rule 11 of the Rules Governing Section 2554 Cases in the

---

[1] Where, as here, a petitioner enters guilty pleas, the facts are not in dispute.

[2] State courts are the ultimate expositors of their own state's laws, and federal courts entertaining habeas corpus petitions are bound by the construction placed on a state's criminal statutes by the courts of that state except in extreme circumstances. *Mendiola v. Estelle*, 635 F.2d 487 (5th Cir. 1981). Here, there is no reason to reject the state court's construction and application of its statutes.

7

United States District Court, the Court must determine whether to issue a certificate of appealability in the final order. In § 2254 cases, a certificate of appealability may issue only if the applicant has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(1)-(2). The Court finds no issue on which petitioner has made a substantial showing of a denial of a constitutional right. Thus, we recommend the certificate of appealability be denied.

IT IS SO ORDERED this  25  day of July, 2013.

_____
UNITED STATES MAGISTRATE JUDGE